# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MICHAEL KISTLER,<br><br>    Plaintiff,<br><br>    v.<br><br>LACKAWANNA COUNTY TAX<br>CLAIM BUREAU, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:17-cv-01672<br><br>(MANNION, J.)<br>(SAPORITO, M.J.) |

## REPORT AND RECOMMENDATION

This is a federal civil rights action, brought pursuant to 42 U.S.C. § 1983. It was commenced by the plaintiff, John Michael Kistler, when he filed his *pro se* complaint on September 18, 2017, against several municipal defendants and a private tax collection firm. (Doc. 1). Kistler has brought this action to challenge the constitutionality of the defendants' assessment and collection of property taxes on his privately owned real estate property located at 816 South Webster Avenue, Scranton, Pennsylvania. For reasons that are not well-articulated in the complaint, Kistler contends that assessment and collection of property taxes based on the "mere fact of [his] ownership" of this property is unconstitutional because the property is "owned for purely private purposes." He seeks

declaratory and injunctive relief, including a preliminary injunction enjoining a tax sale currently scheduled to take place on September 25, 2017.

Kistler did not file a separate motion for preliminary injunctive relief, but he has filed a proposed form of temporary restraining order (Doc. 3), which we will construe as a motion for a temporary restraining order enjoining the imminent tax sale. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions).

I. **LEGAL STANDARD**

Although the defendants have not yet responded to the recently filed complaint,[1] the Court is permitted to raise the issue of subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to

---

[1] As of this writing, the plaintiff has not yet paid the requisite filing fee or filed a proper motion for leave to proceed *in forma pauperis* in this action. Accordingly, summonses have not yet been issued or served on any of the defendants. Nevertheless, we note that counsel have recently entered their appearances on behalf of the two county defendants—the Lackawanna County Tax Claim Bureau and the Lackawanna County Sheriff. (Doc. 5; Doc. 6; Doc. 7; Doc. 8; Doc. 9).

decide the issue *sua sponte* . . . ."); *Johnson v. United States*, Civil No. 1:CV-08-0816, 2009 WL 2762729, at *2 (M.D. Pa. Aug. 27, 2009). Here it is clear from the complaint that this Court lacks subject matter jurisdiction over Kistler's claims, and thus we find it appropriate to recommend *sua sponte* dismissal for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction under Rule 12(b)(1). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court

records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the former category.

## II. DISCUSSION

### A. This Court Lacks Subject Matter Jurisdiction

The plaintiff claims that the laws authorizing Lackawanna County and the City of Scranton to impose property taxes on his privately owned real estate property are inherently unconstitutional. He claims that "the right of property ownership, like any other right, cannot be taxed," and therefore, "there is no valid tax obligation owed by Plaintiff on his purely private property." (Doc. 1). He seeks a declaration to that effect and both preliminary and permanent injunctive relief to enjoin a tax sale scheduled

for September 25, 2017. (*Id.*). Because Kistler is challenging the "assessment, levy or collection" of a tax under state law, this federal court lacks subject matter jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341.

As the Third Circuit has explained:

> The Tax Inunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional.

*Gass v. Cty. of Allegheny, Pa.*, 371 F.3d 134, 136 (3d Cir. 2004) (citing *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982)) (brackets in original).

But "[t]he Tax Injunction Act divests federal courts of jurisdiction only if the state fails to provide a 'plain, speedy and efficient' remedy in its courts." *Id.* at 137. The Third Circuit construes this "plain, speedy and efficient" exception to the Tax Injunction Act narrowly. *Id.* The state court remedy must meet "certain minimal *procedural* criteria," but it need not be the "best, most convenient, or speediest" remedy possible. *Id.* (emphasis in

original).

The Third Circuit has previously examined the state court remedies provided under Pennsylvania law, and it has held that "Pennsylvania provides a 'plain, adequate and complete' remedy for § 1983 plaintiffs challenging state taxation policies." *Id.* at 138 (quoting *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 218 (3d Cir. 1995)). As the *Gass* court explained, "[t]he Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review." *Id.* at 139. The plaintiff is required to pursue the statutory and administrative remedies made available to him under Pennsylvania law to challenge the assessment and collection of property taxes on his privately owned real estate property located at 816 South Webster Avenue, Scranton, Pennsylvania. *Id.*

Because the Pennsylvania state courts are open to Kistler, he must pursue his constitutional claims there, not in federal court. *Id.* at 141.

Accordingly, it is recommended that this action be dismissed *sua sponte* for lack of subject matter jurisdiction.

**B. Motion for a Temporary Restraining Order**

Because the complaint has failed to establish a basis for this Court to

exercise subject matter jurisdiction with respect to the plaintiff's claims, the Court likewise lacks jurisdiction to grant the requested temporary restraining order. *See Greene v. Philadelphia Hous. Auth.*, 789 F. Supp. 2d 582, 584–85 (E.D. Pa. 2011); *Williams Field Servs. Co., LLC v. Kalmanowicz*, Civil Action No. 3:11-cv-1634, 2011 WL 3876411, at *2–*3 (M.D. Pa. Aug. 31, 2011).

Accordingly, it is recommended that the plaintiff's motion for a temporary restraining order (Doc. 3) be **DENIED**.

### III.  RECOMMENDATION

Accordingly, it is recommended that:

1. The plaintiff's motion for a temporary restraining order (Doc. 3) be **DENIED**;

2. This action be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction; and

3. The Clerk be directed to mark this case as **CLOSED**.

Dated: September 22, 2017         ***s/ Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MICHAEL KISTLER, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-cv-01672 |
| v. | (MANNION, J.) <br> (SAPORITO, M.J.) |
| LACKAWANNA COUNTY TAX CLAIM BUREAU, et al., | |
| Defendants. | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated September 22, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: September 22, 2017         ***s/ Joseph F. Saporito, Jr***.
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge