# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN MICHAEL KISTLER,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:17-1672** |
| : | |
| v. : | **(Mannion, D.J.)** |
| : | **(Saporito, M.J.)** |
| **LACKAWANNA COUNTY TAX** : | |
| **CLAIM BUREAU,** *et al.,* | |
| : | |
| **Defendants** | |

# O R D E R

Pending before the court is the report of United States Magistrate Judge Joseph Saporito, (Doc. 10), which recommends that the court deny the motion for a temporary restraining order, (Doc. 3), filed by the *pro se* plaintiff John Michael Kistler[1] and dismiss *sua sponte* plaintiff's civil rights complaint, (Doc. 1), pursuant to 42 U.S.C. §1983, for lack of subject matter jurisdiction. Judge Saporito also recommends that the court close this case. No objections to Judge Saporito's report have been filed and the time within which to object has expired.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v.

---

[1]The court notes that Kistler has filed other actions with this court. *See* Civil No. 10-466; M.D.Pa., Civil No. 15-044, M.D.Pa.

Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

      The court will adopt Judge Saporito's report in its entirety. The court has reviewed the recommended grounds for dismissal of the plaintiff's complaint presented by Judge Saporito. The court agrees with Judge Saporito and finds that it lacks subject matter jurisdiction over plaintiff's case. It is well-settled that the court can raise, *sua sponte,* subject matter jurisdiction issues. *See* Nesbit v. Gears Unlimited, Inc. 347 F.3d 72, 77 (3d Cir. 2003). As Judge Saporito explains in his report, plaintiff's claims relate to the real estate taxes assessed on his property located in Scranton, Lackawanna County, Pennsylvania, and to the September 25, 2017 tax sale of his South Webster Avenue property. To the extent plaintiff is challenging the Lackawanna County Tax Claim Bureau's assessment and collection of real estate taxes on his property and alleges that it is unconstitutional based on the fact that his property is "owned for purely private purposes",this court lacks subject matter jurisdiction over his claims. The Tax Injunction Act, 28 U.S.C. §1341, provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment,

levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Gass v. County of Allegheny, PA, 371 F.3d 134, 136 (3d Cir. 2004).

As such, the Tax Injunction Act deprives this federal court of subject matter jurisdiction in this case. *See* Dommel Properties, LLC v. Jonestown Bank and Trust Co., 2013 WL 1149265, *7 (M.D.Pa. March 19, 2013); Agarwal v. Schuykill County Tax Claim Bureau, 2010 WL 5175021, *13–*14 (M.D.Pa. July 27, 2010), adopted by 2010 WL 5175003 (M.D.Pa. Dec.15, 2010), affirmed by 442 Fed.Appx. 733 (3d Cir. 2011).

Moreover, as Judge Saporito states, since the court lacks subject matter jurisdiction over plaintiff's claims, it also lacks jurisdiction to grant his motion for temporary restraining order. *See* Greene v. Phila. Hous. Auth., 789 F.Supp.2d 582, 585 (E.D.Pa. 2011) ("In the absence of a complaint ... setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order ('TRO') or a preliminary injunction." (citations omitted).

Because the court agrees with the sound reasoning that led Judge Saporito to the conclusions in his report and finds no clear error on the face of the record, the court will **ADOPT** the report in its entirety. The plaintiff's motion for a temporary restraining order will be denied and his complaint will be dismissed.

**IT IS HEREBY ORDERED THAT** the report of Judge Saporito, (Doc. 10), is **ADOPTED**. The plaintiff's motion for a temporary restraining order, (Doc. 3), is **DENIED**. The plaintiff's complaint, (Doc. 1), is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to **CLOSE** this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 19, 2017**
O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-1672-01.wpd